## SUPREME COURT.

### JEMIMA WILCOX agt. SARAH CURTISS.

Where at the circuit a verdict is directed for the plaintiff subject to the opinion of the court at *general term*, the plaintiff on a case made and decided in his favor is entitled to a *trial fee* of an issue of law ($15.)

Such being a calendar cause, the *printer's fee* for the case and points (as required by rule 30) is a proper disbursement charge for the plaintiff—also the *clerk's fee* ($1) is allowable.

*Chenango Special Term, October,* 1854.—Motion by the defendant that the clerk of Chenango county readjust the costs in this action.

R. J. BALDWIN, *for motion.*
R. BALCOM, *opposed.*

CRIPPEN, Justice. On the trial at the circuit a verdict was directed for the plaintiff subject to the opinion of the court at general term. A case was made and argued at general term, and judgment ordered for the plaintiff on the verdict with costs.

In adjusting the plaintiff's costs the clerk allowed fifteen dollars for a trial fee of an issue of law at general term ; six dollars printer's fees for printing cases, and three dollars printer's fees for printing plaintiff's points ; also one dollar for clerk's fee on trial at general term. The defendant's attorney duly objected to the allowance by the clerk of each of the foregoing items. It is insisted on the part of the defendant that the plaintiff is not entitled to any costs for the argument of the case at general term ; that the court in any event could allow but ten dollars costs to the prevailing party, it being a mere motion, the costs of which are prescribed by § 315 of the Code ; and inasmuch as the order of the court at general term omits to specify the amount of costs, none can be allowed to the prevailing party on the motion for judgment on the verdict. It appears that the judge at the circuit directed a verdict for the plaintiff, subject to the opinion of the supreme court at general term, as authorized by §§ 264 and 265 of the Code. A case was made and settled containing the proceedings upon the trial ; this was

done by the plaintiff's attorney, and for the purposes of this motion must be regarded as having been done by the direction of the judge on the trial at the circuit. (See last clause of rule 28.)

I am of opinion that this was a calendar case for the general term—an enumerated motion under rule 27. Enumerated motions are motions arising on special verdict, issues of law, *cases*, appeals from inferior courts, and appeals by virtue of § 348 of the Code.

Rule 28 requires the papers to be furnished in a case like the present by the party making the motion.

The plaintiff, before moving for judgment on the verdict, was bound to notice the case for argument, and cause it to be placed on the calendar at general term. (*Rule* 34.)

Rule 30 directs that cases and points, and all other papers in calendar causes, shall be printed and furnished to the court at general term. If this rule is not complied with, the court will not allow an argument to be brought on, although the case may be upon the calendar. It seems to me on a careful examination and comparison of the sections of the Code and rules of the court bearing upon the point presented in this case, that the argument of the motion for judgment on the verdict must be regarded a trial of an issue of law within the purview of § 307 of the Code.

The simple facts of the case are, that the questions of fact were tried at the circuit; the questions of law were reserved for argument and trial at general term; a case was made by direction of the judge, duly settled and noticed for argument at general term, placed on the calendar, argued and decided. The court ordered judgment for the plaintiff on the verdict with costs. I think the plaintiff is entitled to the trial fee of the issue of law at general term.

If this was properly a calendar case, which I am inclined to hold it to be, then the printing of the case for the court, and the points of counsel, were required by rule 30; consequently the printer's fees was a proper item of disbursement to be allowed to the plaintiff. The clerk also was entitled to a fee of one dollar for the trial of the issue of law. (§ 312 *of the Code.*)

On the whole case, therefore, I am inclined to the opinion that the taxation of the costs by the clerk may be authorized and upheld by the provisions of the Code and the rules of the court. I shall therefore deny the motion, but without costs.